IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-06-151-C |
| | ) | |
| JACKIE LEE CHAMBERS, | ) | |
| a/k/a KENNETH M. CHAMBERS, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Suppress Evidence and Statement, Defendant's Motion to Suppress Statement and Supplement thereto, Defendant's Motion to Suppress Search of Cell Phone, and Defendant's Motion to Suppress Information Obtained from Search of Cell Phone by Search Warrant. Plaintiff filed a response to each and on August 24, 2006, the Court conducted an evidentiary hearing. These matters are now at issue.

On May 17, 2006, the police were called by a young lady who reported that a man was at her house with drugs and threatening to shoot one of her friends.[1] By the time sheriff's deputies arrived at the scene, Defendant had left. One deputy then began interviewing the caller while the other initiated a search for Defendant (The caller had identified the type of vehicle Defendant was driving.) The pursuing deputy spotted a car consistent with the

---

[1] Although the caller later admitted she lied about who was with her when the call was made, it is clear that the person she called about is the Defendant herein, and no other information relayed by her during that call has been questioned.

caller's description and began following it. Defendant drove by the caller's house, at which point she identified him as the person who had made the threats and was in possession of the drugs. The interviewing deputy joined in the pursuit and a traffic stop was initiated shortly thereafter. Once the vehicles were stopped, the deputies ordered Defendant to get out of his vehicle. Initially Defendant refused to follow directions but he did eventually leave his vehicle. Almost immediately, officers noticed Defendant had a revolver in his pocket. Defendant was then put on the ground, frisked and handcuffed, and officers learned he was wearing body armor. Defendant told the deputies there was another gun in the car. Upon approaching Defendant's car, one of the deputies noticed there was a baggie of white rocks which appeared to be crack cocaine in plain view on the front seat of the car. The officers then placed Defendant under arrest and transported him to the Logan County jail.

Defendant first argues that his detention following the traffic stop violated his Fourth Amendment rights. According to Defendant, the officers lacked sufficient cause for any detention. The Tenth Circuit has mandated the use of a two step process for evaluating the constitutionality of a traffic stop. The first inquiry is "whether the officer's action was justified at its inception, and second, whether it was reasonably related in scope to the circumstances that justified the interference in the first place." United States v. Tibbetts, 396 F.3d 1132, 1136 (10th Cir. 2005). Based on the reports of the caller, the officers clearly had a reasonable suspicion that a crime either had been committed or was about to be committed. Consequently, they had adequate authority to conduct a traffic stop. United States v. Cortez, 449 U.S. 411, 417 (1981) ("An investigatory stop must be justified by some objective

manifestation that the person stopped is, or is about to be, engaged in criminal activity."). Once Defendant was stopped for a permissible purpose, it was proper for the officers to require him to exit his vehicle. Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977). The evidence at the hearing established that at the time Defendant exited his vehicle, the officers then noticed the revolver and the baggie of drugs. Thus, the officers then had probable cause for an arrest. Defendant's Motion to Suppress Evidence based on the traffic stop being improper will be denied.

On May 19, Defendant was interrogated by FBI Special Agent John David Coyle and Task Force Officer David Otwell. During that interview Special Agent Coyle advised Defendant of his Miranda[2] rights and obtained a signed waiver of those rights. Defendant now argues that his waiver was not voluntary and therefore any evidence or statements obtained thereafter must be suppressed. Defendant also argues that because the interview occurred after he had been arraigned on the state charges, his right to counsel had attached and any subsequent interview was therefore in violation of those rights. Neither of Defendant's arguments have merit.

The evidence offered at the hearing made clear that Defendant's waiver of his rights was voluntary. The testimony of Agent Coyle established that no threats, promises, or any type of coercion were utilized prior to Defendant's waiver of rights. In the absence of evidence of coercive police activity, there can be no finding that the confession was not

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966)

voluntary. Colorado v. Connelly, 479 U.S. 157, 167 (1986) ("We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."). Thus, Plaintiff has satisfied its burden of establishing the waiver of rights was voluntary.

Defendant's argument regarding the right to counsel attaching at the time of his arraignment fares no better. While it is a correct statement of law that the right attaches at the time of arraignment, United States v. Gouveia, 467 U.S. 180, 188 (1984), before the right to counsel attaches, there must be an affirmative assertion of that right. United States v. Baez-Acuna, 54 F.3d 634, 637 (10th Cir. 1995). Here, the evidence presented at the hearing established that Defendant never requested an attorney at the state court arraignment. Accordingly, Defendant's request to suppress his statement on the basis of voluntariness or violation of his right to counsel will be denied.

Defendant next seeks to suppress the search of the cell phone and station wagon, again arguing his consent to those searches was not voluntarily given. The evidence establishes that Defendant signed a consent-to-search permitting search of both items and that Defendant's consent was free and voluntary. There was no evidence of mistreatment, threats, promises, or other coercive tactics by law enforcement. Defendant was clearly made aware of his right to refuse the consent and the evidence offered at the hearing made clear that Defendant intended to cooperate with officers. Where consent is given, there is no Fourth Amendment violation. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Thus, Defendant has no basis on which to support his request for suppression and it will be denied.

Defendant's arguments fail for a second reason. As noted below, Agent Coyle obtained a search warrant to examine the contents of the cell phone and that warrant gave adequate permission to search the phone without regard to Defendant's consent. Further, because Defendant's automobile was seized pursuant to his arrest, officers had a right to conduct an inventory search of that vehicle and any evidence located during that search would be admissible. United States v. Haro-Salcedo, 107 F.3d 769, 773 (10th Cir. 1997) (recognizing applicability of inevitable discovery doctrine where evidence would have been located following inventory search of vehicle after arrest). Thus, Defendant's attempts to suppress evidence obtained during the search of these items must be denied.

Finally, Defendant challenges the search warrant issued to search the cell phone, arguing that the issuing judge did not have a substantial basis for determining that probable cause existed prior to issuing the warrant and that it was therefore invalid.[3] Having found that Defendant gave valid consent to search the telephone, his arguments regarding the warrant are essentially moot. Nevertheless, as explained below, the Court finds the warrant was appropriately issued.

Following his interview with Defendant, Agent Coyle prepared an affidavit in support of a warrant, recounting the details of Defendant's arrest, the drugs that were found in his

---

[3] Defendant does not challenge the veracity of the affidavit in support of the warrant, therefore he has not asserted a Franks v. Delaware, 438 U.S. 154 (1978), argument. United States v. Nelson, 450 F.3d 1201, 1213 (10th Cir. 2006) ("In order to be entitled to an evidentiary hearing under Franks, 'the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'") (quoting United States v. Artez, 389 F.3d 1106, 1116 (10th Cir. 2004)).

possession, and the agent's belief that based on his experience Defendant's cell phone likely contained evidence related to other crimes committed by Defendant.

In determining the validity of the warrant, the Court must consider whether, based on the totality of the evidence, there was a substantial basis for the Magistrate Judge to determine that probable cause existed. <u>United States v. Wittgenstein</u>, 163 F.3d 1164, 1171-72 (10th Cir. 1998). Probable cause exists when facts presented in a supporting affidavit "would 'warrant a man of reasonable caution' to believe that evidence of a crime will be found at the place to be searched." <u>United States v. Nolan</u>, 199 F.3d 1180, 1183 (10th Cir. 1999) (citation omitted). Under these standards, and the evidence before the Court, it is clear that the warrant was properly issued.

For the reasons set forth herein, Defendant's Motion to Suppress Evidence and Statement (Dkt. No. 17); Defendant's Motion to Suppress Statement (Dkt. No. 18) and Supplement thereto (Dkt. No. 31); Defendant's Motion to Suppress Search of Cell Phone (Dkt. No. 19); and Defendant's Motion to Suppress Information Obtained from Search of Cell Phone by Search Warrant (Dkt. No. 20) are DENIED.

IT IS SO ORDERED this 29th day of August, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge