IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | No. CR-06-151-C |
| ) | |
| JACKIE LEE CHAMBERS, ) | |
| a/k/a KENNETH M. CHAMBERS, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Defendant was charged in a six-count Superceding Indictment with (1) felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), (2) possession of five grams or more of crack cocaine with intent to distribute in violation of 21 U.S.C. § 844(a)(1), (3) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a), (4) possession of cocaine powder and methamphetamine in violation of 21 U.S.C. § 844(a), (5) making false statements in violation of 18 U.S.C. § 1001(a)(2), and (6) witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and (b)(2)(A).

Defendant filed a Motion to Dismiss Count Six of the Superceding Indictment (Dkt. No. 42) and a Motion to Sever count six from the remaining counts (Dkt. No. 43). In these motions, Defendant seeks either dismissal of count six or that a separate trial be conducted as to that count. Plaintiff has responded to Defendant's motions and after consideration of the arguments and law contained therein, the Court finds Defendant's motions should be denied.

In his Motion seeking dismissal of count six, Defendant argues Plaintiff's evidence is insufficient to support the charge. According to Defendant, count six is based on a single letter

he wrote to Jessica Lynn Quesenberry. Defendant argues that nothing in that letter suggests or could be construed as attempting to persuade or alter Ms. Quesenberry's testimony. Rather, Defendant argues, the letter merely states his opinions as to the consequences of a conviction.

Essentially, Defendant is challenging the sufficiency of the evidence, arguing that Plaintiff lacks adequate evidence to establish a violation of the statute. The Tenth Circuit has made clear that a challenge to the strength or weakness of the Government's case may not be brought in a pretrial motion. See United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). Rather, "[a]n indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the Indictment as a bar to any subsequent prosecution for the same offense." Id. Here, it is clear that the assertions in count six of the Superceding Indictment are adequate to satisfy these elements. Accordingly, Defendant's Motion to Dismiss Count Six of the Superceding Indictment (Dkt. No. 42) is denied.

In his alternative motion, Defendant seeks to sever count six from the remaining counts and requests that separate trials be held. Defendant argues that pursuant to Fed. R. Crim. P. 8(a), joinder of offenses in a single indictment is proper only if they are of the same or similar character based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. According to Defendant, counts one through five deal with guns, drugs, and alleged false statements made during the

investigation, while count six deals solely with witness persuasion and/or intimidation. In the alternative, Defendant argues that count six should be severed pursuant to Fed. R. Crim. P. 14, as his defense is prejudiced by its joinder. According to Defendant, to rebut count six it will be necessary to inform the jury that he was in jail when the letter was written and such notice will necessarily prejudice him.

Rule 8 permits joinder of offenses that are the same or similar character based on the same act or transaction or on two or more acts or transactions that are connected together or constitute parts of a common scheme or plan. The Tenth Circuit has made clear that Rule 8 is to be construed broadly to allow liberal joinder to enhance the efficiency of the judicial system. See United States v. Hopkinson, 631 F.2d 665, 668 (10th Cir. 1980). Here, there is a clear connection between count six and the remaining counts of the Indictment. The comments Defendant makes in his letter concerning the consequences of a conviction are the consequences for a conviction of counts one through five. Further, conducting a single trial is significantly more efficient than two separate trials. If count six were severed, the trial on that count would require testimony from several of the same witnesses who would testify in the trial on counts one through five and a significant amount of the evidence would be duplicative. Accordingly, Defendant has failed to establish his heavy burden of showing prejudice by the joinder. Id.

Defendant's reliance on Rule 14 offers no help. Defendant has the burden of showing real prejudice from the joinder under Rule 14. See United States v. Muniz, 1 F.3d 1018, 1023 (10th Cir. 1993). Here, the only specific assertion of prejudice offered by Defendant is that the letter which will serve as evidence for the violation charged in count six necessarily requires

presentation of the fact that he was in jail when the letter was written. The Court disagrees. There are any number of scenarios within which the letter could be admitted into evidence and presented to the jury in a manner that would eliminate any need to specify where Defendant was when he wrote the letter. Although there are portions of the letter that mention his location, those portions could be redacted without affecting the overall content of the evidence. Even if it were to become impractical to redact the letter or otherwise eliminate any reference to Defendant's location, any prejudice occurring to Defendant could be cured by an appropriate limiting instruction. For these reasons, Defendant's Motion to Sever (Dkt. No. 43) will be denied.

As set forth more fully herein, Defendant's Motion to Dismiss Count Six of the Superseding Indictment (Dkt. No. 42) and Defendant's Motion to Sever (Dkt. No. 43) are DENIED.

IT IS SO ORDERED this 2nd day of October, 2006.

ROBIN J. CAUTHRON
United States District Judge