IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-06-151-C |
| | ) | |
| JACKIE LEE CHAMBERS, | ) | |
| a/k/a KENNETH M. CHAMBERS, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed four Motions in Limine, seeking to prevent evidence on certain issues from being presented to the jury. In his first motion, Defendant seeks to preclude evidence of other weapons found with him when he was arrested. In his second motion, Defendant seeks to exclude evidence of text messages from his phone. Defendant argues the text messages lack relevance as they are not related to the events on the day of his arrest. In his third motion, Defendant asks the Court to bar presentation of Defendant's participation in gang related activity, association with political groups, including attendance at a constitutional convention, and Defendant's possession of a non-state-issued ID card. Finally, in his fourth motion, Defendant seeks to prevent any mention of the crimes as occurring on or about a certain date. Defendant argues that failing to specify a certain date for any offense exposes him to being convicted for crimes other than those charged in the Indictment.

Plaintiff filed a response to each motion. As to the first motion, Plaintiff asserts it will not offer this type of evidence, noting that it will only offer evidence of the firearms as

charged in the Indictment. Responding to the second motion, Plaintiff argues the text messages are relevant to demonstrate Defendant's intent to distribute the drugs found in his possession when arrested. Because Count 2 of the Indictment charges Defendant with possession with the intent to distribute, Plaintiff argues the text messages should be presented to the jury. Addressing the third motion, Plaintiff asserts it will not offer evidence of Defendant's gang activity, his attendance at a constitutional convention, or his participation in political parties. However, Plaintiff argues that Defendant's possession of the non-state-issued ID is relevant. According to Plaintiff, the ID card identified Defendant as Ken Chambers. Thus, it is relevant to Count 5 which charges Defendant with making a false statement to the FBI. Defendant told the FBI his name was Kenneth Chambers and that he was not Jackie Lee Chambers as that was his brother. Addressing the fourth motion, Plaintiff argues Defendant's fears are without legal support, noting the Tenth Circuit has recently approved instructions including "on or about" within the pattern instructions.

With the exceptions of the issues conceded by Plaintiff, Defendant's motions are without merit. Clearly, the text messages and the card identifying Defendant by an incorrect name are relevant to crimes charged in the Indictment and Defendant has failed to provide any basis showing that any prejudice from the evidence outweighs its probative value. As for the phrase "on or about," Defendant has failed to demonstrate its use would create an undue risk of confusing the jury or subject him to conviction for crimes not charged. Indeed, as noted by Plaintiff, the Tenth Circuit has approved the use of an instruction on the issue in the recently published pattern jury instructions. While the instructions note that the phrase

may be inappropriate in certain cases, Defendant has failed to demonstrate this case falls within those exceptions.

For the reasons set forth herein, Defendant's First Motion in Limine (Dkt. No. 53) is DENIED as moot based on Plaintiff's assertion that the challenged evidence will not be offered; Defendant's Second Motion in Limine (Dkt. No. 54) is DENIED; Defendant's Third Motion in Limine (Dkt. No. 55) is DENIED as moot in part to the extent Plaintiff concedes it will not offer the challenged evidence, Plaintiff will be permitted to offer into evidence the non-state-issued identification card in Defendant's possession at the time of his arrest, and therefore, that portion of Defendant's motion is DENIED; and Defendant's Fourth Motion in Limine (Dkt. No. 56) is DENIED.

IT IS SO ORDERED this 10th day of October, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge